FILED

7/9/2025

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF ILLINOIS

### WESTERN DIVISION

| | | |
|---|---|---|
| Maksim Anokhin,<br>Plaintiff | ) ) ) ) ) | |
| v. | ) ) ) | Case Number: _____ |
| | ) ) | **25cv50268** |
| Northern Illinois University<br>Defendant | ) ) | **Judge Iain D. Johnston Magistrate Judge**<br>**Michael F. Iasparro** |
| | ) ) | **RANDOM** |

### COMPLAINT OF EMPLOYMENT DSICRIMINATION

1    This is an action for employment discrimination.

2    This lawsuit also arises under the Family and Medical Leave Act of 1993, 29 U.S.C. §2601, *et. seq.* ("FMLA") seeking redress for defendant's interference with plaintiff's FMLA rights and Defendant's retaliation for plaintiff's utilizing his FMLA rights.

3    The plaintiff is Maksim Anokhin of New York, New York.

4    The defendant is Northern Illinois University, whose street address is 1425 W. Lincoln Hwy, DeKalb, DeKalb, Illinois, 60115.

5    The plaintiff was employed by the defendant at Department of Chemistry and Biochemistry, 202 Normal Road, Laboratory 321 LaTourette Hall, Faraday Hall Office 335, DeKalb, Illinois, 60115.

6    The plaintiff was employed but is no longer employed by defendant.

7        The defendant discriminated against the plaintiff on December 14 or so, 2019; on January 31, 2020; on September 2, 2022; on October 10 or so, 2022; on February 16, 2023; on March 10 or so, June 9, 2023, October 4, 2023.

8        (a) The defendants is not federal governmental agency and the plaintiff has filed the charges of discrimination asserting the acts of discrimination indicated in this complaint with both of following government agencies:

(i)        the United States Equal Employment Opportunity Commission, on or about July 17, 2023.

(ii)        the Illinois Department of Human Rights on or about February 12, 2024.

(b) The Copy of Charges is attached.

It is the policy of both, the Equal Employment Commission and the Illinois Department of Human Rights to cross-file with other agency all charges received. The plaintiff has no reason to believe that this policy was not followed in this case.

9        the United States Equal Employment Opportunity Commission has issued a Notice of Right to Sue, which was received by the plaintiff on March 19, 2025.

10        The defendant discriminated against the plaintiff because of plaintiff's

(a)        Disability (American with Disabilities Act of 1990).

(b)        Sex and Sexual Orientation, National origin (Title VII of the Civil Rights Act of 1964).

(c)        Age (Age Discrimination Employment Act).

11        The defendant interfered plaintiff's FMLA rights (Family and Medical Leave Act of 1993).

12    Jurisdictions and venue.

(a)    Jurisdiction over statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C. §1331, 28 U.S.C. §1343(a)(3) and 42 U.S.C. §2000e-5(f)(3); for ADA by 42 U.S.C.§12117, for FMLA claims by 42 U.S.C. §12101.

(b)    Venue is appropriate because defendant based in DeKalb county and conduct businesses in DeKalb county State of Illinois.

13    The defendant

(a) terminated the plaintiff's employment.

(b) failed to promote plaintiff.

(c) failed to reasonable to accommodate the plaintiff's disabilities.

(d) failed to stop harassment.

(e) retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws in paragraphs 10-11.

(f) other, including severe harm of mental and physical health.

14    The facts supporting the plaintiff's claim of discrimination are as follows:

(i)    Plaintiff was born in Odessa region, Ukraine on February 10, 1983. Plaintiff worked as a research scientist since 2002 and I lives with disability since 2008. Plaintiff began his employment at defendant's Department of Chemistry and Biochemistry on February 2019 as a postdoctoral fellow. Plaintiff was payed 40,000 USD/year. No health, vision, dental insurance were provided.

(ii)    On May 15, 2019 or so, the plaintiff became a patient of Open Door Health Center of Illinois in Elgin. At the beginning of medication management at Open Door Health Center the plaintiff was visiting  provider several times. Direct supervisor  of the plaintiff, E.

Nesterov asked the plaintiff why he so often need to visit provider and what is plaintiff's diagnosis. Plaintiff's disclosed his diagnosis. The reaction of direct supervisor E. Nesterov was strongly negative and shamed plaintiff for his diagnosis.

(iii)   On October, 10th 2019 or so, plaintiff became dating with same sex-partner. Plaintiff regularly worked on Saturdays, but plaintiff's overtime have not been paid appropriate. Because of unpaved overtime and dating, plaintiff refused to work on weekends in the end of October 2019. Plaintiff's direct supervisor, E. E. Nesterov, asked why the plaintiff don't work on weekends anymore. Plaintiff disclosed to direct supervisor, E.E. Nesterov a same-sex dating. Plaintiff was shamed for that by direct supervisor, E. E. Nesterov.

(iv)   On December 14, 2019 or so, direct supervisor,   E. E. Nesterov unexpectedly told plaintiff that his  contact can not be extended and the plaintiff is fired. Plaintiff was not able to manage his emotions and became crying. Professor  E. Gaillard and Professor T. Hagen seen the plaintiff crying and plaintiff felt a lot of shame.

(v)   On December 24th, 2019 plaintiff  wrote application letter to Dr. Klumpp, a professor at the same Department of Chemistry and Biochemistry,  and he hired plaintiff at work in his group at the same position. Plaintiff's yearly payment dropped to 37,500 USD and plaintiff responsibilities became lower.

(vi)   On September 24, 2020 plaintiff's publication with E.E. Nesterov (J. Phys. Chem. Lett., 2020, 11, 20, 8745-8750) was accepted. It gave to E.E. Nesterov opportunity to apply for future NSF grant as well as apply for the grant for the purchase of new NMR spectrometer for the Department of Chemistry and Biochemistry. Dr. Nesterov became very kind to plaintiff and and encouraged the plaintiff re-joined the group. Plaintiff agreed because of his interest in photochemistry. Also, plaintiff was offered variety of benefits including, but not

limited, health, dental,vision insurances, retirement plan (SURS, State University Retirement System).

(vii)     Surprisingly for plaintiff, he was forced to work on the project of wife E. E. Nesterov,  Assisted Professor, Dr. Irina Nesterova. During work, plaintiff found a research misconduct in a project of I. Nesterova. Plaintiff's direct supervisor E. E. Nestereov refused plaintiff's request to do not publish data with research misconduct.

.            (viii)   On September 2, 2022 Dr. Henson assaulted plaintiff in men's bathroom at the 3rd floor, in LaTourette hall. When plaintiff have enter in the men's bathroom at the third floor, M. Henson masturbated at the urinal. M. Henson non-verbally, via head moving and mimics of face, demanded plaintiff joined him. Plaintiff refused and went to the first stall next to the urinal, to hide from M. Henson. M. Hesnon dropped pants and exposed his penis to the plaintiff under the stall. When plaintiff exited stall, M. Henson was standing with his pants down and his penis exposed blocking the exit. M. Henson was made a downward nodding head gesture. Plaintiff interpreted the head gesture as M. Henson wanted plaintiff to touch his penis but never verbally told plaintiff, too.  Plaintiff hit M. Henson's penis second time and then hit his buttock. Plaintiff recalled putting M. Henson in a headlock but did not hold it long enough to go unconscious. While the plaintiff had M. Henson in the headlock, M. Henson ejaculated towards the urinal and plaintiff  yelled for help. Plaintiff unsure how long the altercation acted. Plaintiff released M. Henson from the headlock and they walked out the bathroom. Plaintiff believed that there were witnesses who were near the bathroom when plaintiff exited bathroom who might have heard the altercation and saw two of them exiting bathroom. Plaintiff then proceeded to show M. Henson the labs in Faraday Hall, 3rd floor. M. Henson endedwi up leaving in unknown directions without any verbal or physical contact. Plaintiff suffered with memory loos for long

the long time after altercation.

(ix)    On unknown date, in September 2022, Drashti Daraji, a postdoctoral researcher at the Department of Chemistry and Biochemistry, under direct supervising of Prof. T. J.Hagen, showed her pay stub to the plaintiff and plaintiff have learned that Drashti's semi-monthly payment is more than payment of the plaintiff for ca 1000 USD.

(x)    On unknown date October 2022 in the Laboratory 321, LaTorette Hall, Dr. Nesterov rubbed against the plaintiff during UV-measurement with Agilent Carry UV spectrometer.

(xi)    On February 16, 2023, at 5-7 pm, in the Laboratory 321, LaTourette Hall plaintiff and his direct supervisor carried out the routine fluorescent measurement together. Dr. E. Nesterov was talking with plaintiff in a cruel manner through gritted teeth and shamed the plaintiff for his age. Dr. E. Nesterov told to the plaintiff, that he in the plaintiff's age achieved more than plaintiff. Week ago the plaintiff celebrated his 40th birthday and found such statements hateful. During the measurement itself, Dr, Nesterov was need to go to another part of the instrument and humped the plaintiff. Also, plaintiff felt something oh his bottom, like finger or so. Plaintiff did not realized what was even happened at the time. Dr. Nesterov could have gone another route that did not include coming near plaintiff. Dr. Nesterov also laughed after he did so to the plaintiff. Plaintiff has experienced a shock.

(xii)    On March 10 or so, 2023 the plaintiff was at the E.E. Nesterov house in the St. Charles, Illinois around 6 pm – 9 pm. Plaintiff gave a ride to his new co-worker, Alexander Barashkin, to celebrate A. Barashkin arrival to the US. Party hosted both, I. Nesterova and E. Nesterov and 3-4 bottles of red wine was served, however, the plaintiff refused to drik because of driving with the passenger, A. Barashkin. One of the drinks E, Nesterov proposed to

drink for the victory of the V. Putin over Ukraine. Plaintiff not only refused to drink, but also argues with E. Nesterov. E. Nesterov interrupted and all, except of the plaintiff, drunk for the victory of Putin and Russia over Ukraine. The plaintiff felt humiliated by all presented people: E. Nesterov, I. Nesterova, A. Barashkin. Plaintiff, noticed that I. Nesterova, E. Nesterov and A. Barashkin are drunk. Plaintiff was gonna left the party and told so to all. However, E. Nesterov in a very cruel manner, told to plaintiff that he must stay. Only after 9 pm plaintiff was allowed to drive beck home to DeKalb, Illinois.

(xiii)   On April, Professor V. Ryhzov became harassing the plaintiff regarding plaintiff's political affiliation. During one-to-one talks at the recreation of LaTourette and Faraday Halls, V. Ryzhow shared his opinion to the current war between Russia and Ukraine. Both plaintiff and V. Ryzhov condemned the invasion. However such a talks were painful for the plaintiff because of relatives affected and participated in war on the side of Ukraine.

(xiv)   On May 12 or so, Professor V. Ryzhov told to plaintiff that Dr. Nesterov will fire me soon. Plaintiff was shocked and his mental health became worse due to unexpected firing.

(xv)   On May 18, 2023 the plaintiff requested FMLA due to mental and dental health issue. A HR Representative S. Kurezinga rejected plaintiff's FMLA request and offered take a leave days.

(xvi)   On May 26, 2023 Dr. Nesterov sent to plaintiff harassing email with listed out several duties and assignments that needed to be completed. Plaintiff refused because of illness and because some of materials were in the Laboratory 321 LaTourette Hall.

(xvii)   On June 2, 2023, plaintiff filed four (4) separate complaints against Nesterov at the Ethic and Compliance Office of Defendant. These complaints contained multiple

allegations to include sexual harassment, sexual orientation discrimination, and harassment based on national origin/ancestry, political affiliation, and age. On June 4, 2023, Plaintiff filed a fifth complaint against Nesterov, alleging discrimination based on citizenship status.

(xviii) Plaintiff's FMLA began to be effective on June 6, 2023.

(xxix) On June 9, 2023, plaintiff received an email from Dr. E. Nesterov informing, that based on a "lack of funding" his position would be terminated on July 15, 2023.

(xxx) On June 14, 2023, plaintiff filed a sixth complaint with Ethic and Compliance Office of Defendant against Nesterov, alleging retaliation. On June 12, 2023, plaintiff was interviewed related to the allegations within the first five (5) complaints he filed on June 2 and June 4, 2023.

(xxxi) On June 20, 2023, a follow-up interview was conducted with plaintiff related to the allegations within his sixth complaint filed on June 14, 2023.

(xxxii) On Jully, 6, 2023 or so, Department Chair, Viktor Ryzhov did call via mobile phone to plaintiff and forced back to work the plaintiff at Department with new supervisor Prof. Dr. Klumpp, while plaintiff still was on FMLA. On July 7th, plaintiff back to the department. Only on July 14th plaintiff was able to leave for FMLA.

(xxxiii) On August 4, 2023 plaintiff reported about sexual assault (see 13 (xi) above by Dr. E. Nesterov to the Defendant's Police Department.

(xxiv) On August 8, 2023 plaintiff was released from FMLA by mental health provider.

(xxxv) On August 9, 2023 Department Chair forded plaintiff to sign edited Benefits Usage Form to cover up FMLA violation.

(xxxvi) On September 2 2023, or so because of non-verbal aggression of

Professor Dr. E. Nesterov plaintiff wen to Safe Passage DeKalb (safepassagedv.org) , NPO for the victims of domestic violence and rape for counseling and legal assistance.

(xxxvii)     On September 8 2023 with help Kelsey Gettle, a Legal Program Manager/Sexual Assault Legal Advocate at Safe Passage DeKalb, the plaintiff filed and was granted Civil No Contact Order against E. Nesterov at the Circuit Court Of Illinois. Circuit Court Dekalb County, Illinois.

(xxviii)     On October 4, 2023 Defendant placed the plaintiff to Administrative leave and prohibited visit Defendant's facilities.

(xxxix)     On October 18, 2023 plaintiff informed defendant on resignation via email. On November 30, 2023 was resigned from work at Defendant's campus.

(xl)     In conclusion, the plaintiff was harassed, assaulted, discriminated and retaliated by defendant's several times during all time when plaintiff was employed. Plaintiff resigned under pressure and defendant failed to promote the plaintiff. Plaintiff have developed severe mental health and endocrine conditions due to unprecedented stress.

14     The plaintiff demands that the case be tried by a jury.

15     THEREOFORE, the plaintiff asks that the court grant the following relief for the plaintiff

(a)     Direct defendant to reasonable accommodate plaintiff's disabilities.

(b)     If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees, and;

(c)     Grant any other relief as the Court  and jury may find appropriate, or any

other relief that this Court and jury deems just, equitable, and proper.

_____

Plaintiff's signature

*MAXIM ANALUIN*

Plaintiff's name

_133 w 145 street apt 22_____

(Plaintiff's street address)

(City) _New York_ (State) _NY_ (Zip) _10039_

(Plaintiff's telephone number) _(815)-764 5600_____

Date: _6/10/2025_____